IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTIAN LUIS RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:17-CV-1137 TS<br>Criminal Case No. 2:16-CR-527 TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

## I. BACKGROUND

  On October 19, 2016, Petitioner was charged with possession of methamphetamine with intent to distribute. On February 13, 2017, Petitioner pleaded guilty. On May 1, 2017, Petitioner was sentenced to 60 months in the custody of the Bureau of Prisons. Petitioner did not file a direct appeal. He timely filed the instant Motion on October 17, 2017.

## II. DISCUSSION

  Petitioner's Motion raises claims of ineffective assistance of counsel. Petitioner argues that counsel was ineffective in failing to challenge the drug type and quantity involved in his case. Petitioner also argues that his counsel was ineffective at sentencing.

  The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel. "To demonstrate ineffectiveness of counsel,

[Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1] To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3] In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4] Finally, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

Petitioner first argues that his counsel was ineffective for failing to challenge the Indictment and sentence based on the government's alleged failure to identify the controlled substance at issue. Petitioner relies heavily on cases analyzing the Controlled Substance Analogue Enforcement Act. Petitioner seems to suggest that he possessed "bath salts" and that the government failed to prove that the substance he possessed was a controlled substance or its analogue.[6] In particular, Petitioner argues that the government failed to show that he knew that

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[6] A "controlled substance analogue" is a substance:

the substance had effects similar to a controlled substance under Schedule II. However, Petitioner was not charged with possessing "bath salts" or any other controlled substance analogue. He was charged with possession of methamphetamine with intent to distribute. Both the Indictment and Superseding Information make clear that the controlled substance at issue was methamphetamine. Further, Petitioner admitted in his plea agreement that he knowingly possessed approximately 9 kilograms of methamphetamine with the intent to distribute. There is no question that methamphetamine is a controlled substance.[7] Therefore, Petitioner's reliance on these cases is misplaced and the Court cannot conclude that counsel was ineffective for failing to challenge the government's claim that Petitioner possessed methamphetamine. Moreover, Petitioner cannot show prejudice based on his admission in his plea agreement that he knowingly possessed methamphetamine.

Petitioner also argues that counsel was ineffective in failing to investigate whether the methamphetamine involved was L-methamphetamine or D-methamphetamine. "There was nothing improper in this, as the operative statutes do not distinguish among types of

---

(i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;
(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.
21 U.S.C. § 802(32)(A).

[7] *United States v. Garcia*, 413 F. App'x 57, 61 (10th Cir. 2011) (stating that "methamphetamine is a Schedule II substance").

methamphetamine, and, consequently, '[t]o convict a defendant, the prosecution must prove [or the defendant must admit] . . . only that the substance was generically methamphetamine.'"[8]

Petitioner cites to a number of cases that have held that counsel was ineffective in failing to distinguish between types of methamphetamine for sentencing purposes. However, "as of November 1, 1995, this distinction between methamphetamine types has been eliminated, and L-methamphetamine is now treated the same as D-methamphetamine under the Guidelines."[9] Because the distinction is irrelevant, counsel was not ineffective in failing to raise it.[10]

Petitioner also argues that counsel was ineffective at sentencing in failing to argue for a lesser sentence under the factors set forth in 18 U.S.C. § 3553(a). Petitioner's argument, however, ignores that his sentence arose out of an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).[11] This agreement contemplated a sentence of 60 months, which was half of what was called for by the guidelines. The Court ultimately imposed the sentence called for by the parties' agreement. Based upon these facts, Petitioner cannot show either deficient performance or prejudice as a result of counsel's alleged failures.

---

[8] *United States v. Glover*, 97 F.3d 1345, 1347 (10th Cir. 1996) (quoting *United States v. Deninno*, 29 F.3d 572, 579–80 (10th Cir. 1994)).

[9] *Id.* at 1347 n.2 (quoting *United States v. Watkins*, 912 F. Supp. 417, 419 n. 4 (E.D. Ark. 1996)).

[10] Petitioner further argues that counsel was ineffective for not challenging Petitioner's role in the conspiracy. However, Petitioner was not charged with or convicted of conspiracy.

[11] Under Rule 11(c)(1)(C), the parties can "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C). Once the Court accepts the plea agreement, that recommendation or request becomes binding on the Court. *Id.*

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:17-CV-1137 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 20th day of December, 2017.

BY THE COURT:

Ted Stewart
United States District Judge